UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10069 PA (RAOx) | Date | January 13, 2020 |
|---|---|---|---|
| Title | Elvira Vargas v. Airport Terminal Services, Inc. et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Airport Terminal Services, Inc. ("Defendant"). (Docket No. 1.) The Notice alleges the Court possesses jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"). (Id.)

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by Congress and the Constitution. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. Id. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Federal subject matter jurisdiction may be based on diversity of citizenship pursuant to CAFA. See 28 U.S.C. § 1332(d)(2). To invoke diversity jurisdiction pursuant to CAFA, it must be established that at least one plaintiff and one defendant are citizens of different states, and that the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs. Id. "[U]nder CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006) (per curiam). "The notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions." Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785, 788 (9th Cir. 2018) (quoting Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 82 (2014)). However, "[i]f the amount in controversy is not clear from the face of the complaint, 'the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged." Id. at 788-89 (quoting Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015)). "Along with the complaint, [courts] consider allegations in the removal petition, as well as 'summary-judgment-type-evidence related to the amount in controversy at the time of removal.'" Id. at 793 (quoting Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005)). "Under this system, a defendant cannot establish

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10069 PA (RAOx) | Date | January 13, 2020 |
|---|---|---|---|
| Title | Elvira Vargas v. Airport Terminal Services, Inc. et al. | | |

removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." Ibarra, 775 F.3d at 1197.

In the Notice of Removal, Defendant alleges that "based on the complaint's allegations, the Court's findings in prior matters, and Defendant's employment records, the $5,000,000.00 amount-in-controversy threshold is easily exceeded, without even considering all of Plaintiff's putative class claims." (Removal ¶25.) Defendant argues the amount in controversy for Plaintiff's (1) waiting-time penalties claim (Claim 4), (2) meal and rest break violations claim (Claim 3), and (3) Private Attorney General Act of 2004 ("PAGA") penalties would each individually exceed the jurisdictional threshold of $5,000,000.00 (Claim 6). (Id.) Defendant does not address whether any of Plaintiff's other claims for relief would satisfy the amount in controversy.

Upon an initial review, Defendant's Notice of Removal appears to be deficient because it contains unsupported assumptions regarding the rate at which the alleged statutory violations occurred. Defendant did not present any facts that support its assumption regarding the rate of waiting time penalties, meal/rest period violations, or PAGA penalties. Defense counsel's declaration only identifies the total number of former non-exempt employees that could potentially make up the class—it does not address how defense counsel selected the assumed violation rates. (Removal, Ex. 5 ¶2.) Instead, Defendant jumps to the conclusion that, because Plaintiff's Complaint alleges "routine" and "uniform" violations, this means Defendant can assume a violation for every class member in its calculations. (Compare Docket No. 1, Ex. A ("Compl.") ¶¶49, 50, 58 with Removal at ¶¶28, 32, 37.) Although Defendant "may draw reasonable inferences from the complaint and from the evidence submitted in connection with the removal of the complaint . . . [Defendant is] not permitted to pull violation rates out of thin air." Sanchez v. WaveDivision Holdings, LLC, 18-CV-02439, 2018 WL 3343589, at *1 (N.D. Cal. July 9, 2018) (remanding case and finding defendant's declaration was "missing the most important information for estimating the amount in controversy: the likely violation rates"); Compare Garibay v. Archstone Communities, LLC, 539 Fed. Appx. 763, 764 (9th Cir. 2013) (affirming district court's order remanding case based on failure to show $5 million amount in controversy, finding the defendant improperly "assume[d] that each employee would be entitled to the maximum statutory penalty, but provide[d] no evidence supporting that assertion.").

In addition, the Ninth Circuit has held that PAGA claims are "not sufficiently similar to Rule 23 class actions to trigger CAFA jurisdiction." Baumann v. Chase Inv. Servs. Corp, 747 F.3d 1117, 1122 (9th Cir. 2014). "A PAGA action is at heart a civil enforcement action filed on behalf of and for the benefit of the state, not a claim for class relief." Id. at 1124. The Circuit arrived at this conclusion in part because "the California Supreme Court has authoritatively addressed that issue, holding that PAGA actions are not class actions under state law." Id. at 1121. The Circuit has also held that "PAGA claims cannot be aggregated with class claims to satisfy the jurisdictional amount required under CAFA." Chavez v. Time Warner Cable Enterprises LLC, 617 Fed.Appx. 829, 830 (9th Cir. 2015) (explaining Yocupicio v. PAE Grp., LLC , 795 F.3d 1057 (9th Cir. 2015)). Defendant argues this Court should follow Diaz v. A & R Logistics, Inc., which held that "[w]hat matters under CAFA is that Plaintiff has proposed a class which includes his PAGA claims. Having so alleged, the PAGA claims are claims of

the proposed class members, and as such, they are aggregated to determine the amount in controversy." 2015 WL 3464450, at *4 (S.D. Cal. May 29, 2015).  However, other district courts have declined to follow Diaz in light of the Ninth Circuit's contrary, more recent rulings.  See, e.g., Arnold v. OSF Int'l, Inc., 2017 U.S. Dist. LEXIS 103006, at *14 (C.D. Cal. June 30, 2017) ("OSF's reliance on Diaz, which draws on the reasoning of the reversed district court decision in Yocupicio is misplaced.  Because the Ninth Circuit has clearly held that a representative PAGA claim is fundamentally different from a class action, Baumann, 747 F.3d at 1121-24, thus barring consideration of the potential recovery value in a CAFA amount in controversy analysis, Yocupicio, 795 F.3d at 1060, the Court declines to consider OSF's estimates of PAGA penalties in its analysis here.").  Moreover, the Complaint's allegations here suggest that Plaintiff brings the PAGA claim as a representative claim, not a class claim.  (See Compl. at 16-17 (PAGA claim is brought on behalf of "Plaintiff and all Aggrieved Employees," whereas class claims 1, 2, 3, 5, and 7 are brought on behalf of "Plaintiff and the Putative Class").)  This weighs in favor of the Court not including the PAGA penalties in calculating the amount in controversy.

For these reasons, the Court hereby orders Defendant to show cause in writing why this case should not be remanded for lack of subject matter jurisdiction because Defendant has failed to show, by a preponderance of the evidence, that the amount in controversy requirement for CAFA jurisdiction has been met.  Defendant's response to this Order to Show Cause shall be filed no later than January 27, 2020.

IT IS SO ORDERED.